**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**



FILED
JUL 23 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

CHIQUITA M. WARREN,
For herself and on behalf of all
Similarly situated individuals,

    Plaintiff,

v.    CIVIL ACTION NO: 2:12cv404

GREEN MOUNTAIN COFFEE ROASTERS, INC.

    Defendant.

---

## COMPLAINT

---

COMES NOW, the Plaintiff, Chiquita M. Warren, on behalf of herself and all similarly situated individuals and alleges the following claims:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, et seq. The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff.

2. Plaintiff applied for a position with Green Mountain Coffee Roasters, and Defendant used an unauthorized consumer report, which it obtained from a consumer-reporting agency, to reject Plaintiff for employment. In doing so it failed

1

to comply with certain procedural protections, and requirements imposed by the FCRA.

## JURISDICTION/VENUE

3. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681 and 20 U.S.C. §1331.

4. Plaintiff lives in Smithfield, VA and applied for a job with Defendant in Isle Of Wight, both of which are in the Norfolk District.

5. Defendant maintains its registered agent for service of process in Henrico County, VA, which is located in this District.

6. Venue is proper in this court under 28 U.S.C. §1391(b).

## NAMED PARTIES

7. Chiquita M. Warren (hereinafter "Warren" or "Plaintiff") is a citizen of the Commonwealth of Virginia and resides in Smithfield, VA.

8. The Plaintiff is a "consumer" as defined, protected, and governed by the FCRA.

9. Defendant Green Mountain Coffee Roasters, Inc. (hereinafter referred to as "GMCR") is a publically traded, Delaware corporation based in Waterbury, Vermont which makes and sells coffee.

10. Green Mountain employs approximately 4,760 people.

11. Green Mountain was a "user" of the consumer report of Plaintiff.

## UNNAMED PARTIES

12. Backgrounds Plus supplied the consumer report for Plaintiff to Defendant.

13. Backgrounds Plus was and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(d).

14. Backgrounds Plus was and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

15. Upon information and belief, Defendant also obtained consumer reports purportedly for employment purposes from additional consumer reporting agencies during the FCRA statute of limitations period.

16. Upon information and belief, any additional consumer reporting agencies that supplied consumer reports purportedly for employment purposes to Defendant were regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

### FACTS AS TO WARREN

17. In early May 2012 Chiquita M. Warren applied for a job with GMCR.

18. On May 23, 2012 Defendant obtained a pre-employment background screening report from Background Plus.

19. Warren applied for her job on the internet, but as part of the process was required to print out, sign, and forward to Defendant the "authorization and release of information" form attached as **EXHIBIT A** and the "GMCR Fair Credit Reporting Act Disclosure and Release" attached as **EXHIBIT B**.

20. Upon receipt of the consumer report from Backgrounds Plus, including a criminal background check, Defendant started checking Plaintiff's references indicating that she was a satisfactory candidate for the position she sought.

21. The criminal background report revealed that Plaintiff had been convicted of embezzlement reduced to petty larceny June 7, 2002.

22. According to GMCR's applicant screening guidelines, Plaintiff was qualified for employment because her misdemeanor conviction was more than 7 years old.

23. Nevertheless, Defendant sent a letter dated June 13, 2012 to Plaintiff **(EXHIBIT C)** indicating dissatisfaction with the results of the enclosed, preemployment, background screening report.

24. **EXHIBIT C** was, vague, contradictory, and at most amounted to a post-adverse action noticed because Defendant refused to return Plaintiff's calls and refused to otherwise communicate with Plaintiff notwithstanding Plaintiff's multiple efforts to communicate with Defendant and Defendant's authorized representative.

25. The June 13, 2012 letter included a "Summary of your Rights Under the Fair Credit Reporting Act", that had been promulgated in 1997, but that form was superseded by a subsequent form promulgated in 2005.

26. This outdated form is attached as **EXHIBIT D** and a copy of the current form is attached as **EXHIBIT E.**

27. In addition, **EXHIBIT D** was neither two-sided, nor did it include its second page.

28. Defendant's foregoing decision not to hire Plaintiff was based in whole or in part on the consumer report the Defendant obtained concerning Plaintiff from Backgrounds Plus.

## FACTS COMMON TO ALL CLASS MEMBERS

29. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a "consumer report" about employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person* may not procure a *consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless* –
>
> a. a *clear and conspicuous disclosure has been made in writing* to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

30. The FCRA requires that the disclosure be "in writing" in a stand-alone document.

31. As a result of its defective disclosure, Defendant also procured a consumer report for Plaintiff and those similarly situated for employment purposes without first obtaining a proper, written authorization to do so.

32. Additionally, §1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows;

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse

5

action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer whom the report relates –

(i) a copy of the report; and

(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

33. The purpose of §1681b(b)(3)(A) is to provide a prospective or current employees a sufficient amount of time to review the consumer report, discuss the report with the prospective employee, correct any inaccuracies or omissions and notify the prospective employer of these inaccuracies or omissions and notify the prospective employer of these inaccuracies before an adverse action is taken.

34. Defendant provided Plaintiff with a copy of her criminal background report and an outdated and incomplete written summary of her FCRA rights.

35. The 2005 form, which Defendant failed to send to Plaintiff and similarly situated applicants, is different from the 1997 form in many material respects. The 2005 form includes the following rights not included in the 1997 form used by Defendant:

a. A Spanish header referring people to a website where the rights are provided in Spanish.

b. The right to dispute incomplete or inaccurate information, whereas the old form only addresses inaccurate information.

c. The right to ask for a credit score, usually at your own expense, which right is not included in the old form.

d. The contact information at the end of the form, including addresses and telephone numbers, is substantially incorrect and out of date. For example, for CRAs the number given for the FTC is incorrect. For the Federal Reserve the address is wrong, the telephone number is wrong, and the telephone number is not a toll-free number, whereas the number on the current form is a toll-free number. For credit unions the telephone number is wrong.

36. The Defendant had seven years to convert to the proper form, but it failed to do so.

## DEFENDANT ACTED WILFULLY

37. Defendant knew or should have known about it legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

38. Defendant obtained or had available substantial written materials, which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

39. The statutory language and mandates restricting and governing Defendant business with respect to the FCRA have been in effect for decades.

40. Defendant conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its hiring and firing process.

41. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

42. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorney's fees and costs pursuant to §1681n and §1681o.

43. Plaintiff and FCRA Class Members are entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and enjoining their future violations of the FCRA.

## CLASS ACTION ALLEGATIONS

44. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the "FCRA § 1681b(b)(2) Class" initially defined below:

> Consumers residing in the United States who applied for employment with Green Mountain Coffee Roasters, Inc and about whom Green Mountain Coffee Roasters, Inc. procured a criminal background report for employment purposes from a consumer reporting agency during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency.

45. Plaintiffs also alleges the following "FCRA § 1681b(b)(3) Sub-class", of which she is also a member:

> All natural persons residing in the United States (a.) who applied for a job with Green Mountain Coffee Roasters, and (b.) as part of this application process, were the subject of a consumer report requested from a consumer reporting agency by Green Mountain Coffee Roasters during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, (c.) who were not then hired.

46. Upon information and belief, the putative Class exceeds 500 members. Information concerning the exact size of the putative class is within the exclusive possession of Defendant.

47. The Class members are so numerous that joinder of all members is impracticable.

48. Plaintiff's claims are typical of the claims of the other Class members as all Class members were similarly affected by Defendant' unlawful conduct in violation of the FCRA.

49. Plaintiff will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex class-action litigation.

50. Plaintiff is a member of the Class and Sub-Class and does not have any interests antagonistic to or in conflict with the members of the Class or the Sub-Class.

51. Further, Plaintiff's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

51. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including, by example only and without limitation:

    a. Whether Defendant' standard procedure violated U.S.C. §1681b(b)(2)(A)(i) by failing to make a "clear and conspicuous" FCRA disclosure in a document that consists solely of the disclosure;

    b. Whether the legally insufficient disclosure tainted the related FCRA standard written authorization so that the consumer report was provided absent a permissible purpose under the FCRA;

    c. Whether it is Defendant's standard procedure to provide a vague and conflicting pre-adverse action notice to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof as required by 15 U.S.C. §1681b(b)(3)(A)(i);

    d. Whether Defendant provided a copy of a lawful, up-to-date written summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee as required by 15 U.S.C. §1681b(b)(3)(A)(ii);

    e. Whether Defendant provides both sides of the two-sided document (pages 1 and 2) of the FCRA Rights Summary before declining to hire applicants.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

53. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class.

54. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

### COUNT ONE: VIOLATION OF THE FCRA §1681b(b)(2)(A)(i)

54. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

55. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(i), because it failed to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

56. Plaintiff seeks statutory damages for herself and all others similarly situated for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

57. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

58. In the alternative to the Plaintiff's allegations that these violations were willful, she alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT TWO: VIOLATION OF THE FCRA §1681b(b)(2)(A)(i)

59. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

60. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(ii), because it failed to obtain a valid authorization in writing to procure a consumer report for employment purposes from Plaintiff and those similarly situated applicants and employees.

61. Plaintiff seeks statutory damages for herself and all others similarly situated for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

62. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. §1681n(a)(2).

63. In the alternative to the Plaintiff's allegations that these violations were willful, she alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT THREE: VIOLATION OF THE FCRA § 1681b( b)( 3 )( A )( i i )

64. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

65. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), as to the Class, because they failed to provide Plaintiff and all other similarly situated applicants and employees the actual summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

66. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

67. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

68. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

**COUNT FOUR: VIOLATION OF THE FCRA §1681b(b)(3)(A)(ii)**

69. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

70. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because they failed to provide Plaintiff and all other similarly situated applicants and employees an accurate and current summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on the consumer report.

71. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

72. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. §1681n(a)(2).

73. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an Order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;

3. statutory and punitive damages;

4. injunctive relief as pled;

5. attorney's fees, expenses and costs for each Count pursuant to Rule 23 and 15 U.S.C. §§ 1681n and 1681o;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

**CHIQUITA M. WARREN**
**For herself and on behalf of all**
**similarly situated individuals.**

_____
Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
E-mail: cnorthlaw@aol.com

7/20/12

13